IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

```
SANDHILLS CATTLE FEEDING, INC., )
A Nebraska Corporation,         )
                                )
     Plaintiff,                 )   Case No. 4:02CV3352
                                )
     v.                         )
                                )
JEFFREY YOUNKIN,                )
                                )
     Defendant and              )
     Third Party Plaintiff,     )   MEMORANDUM AND ORDER
                                )
     v.                         )
                                )
BCD FARMS INC. and BEN and      )
CONNIE DANELSON,                )
                                )
     Third Party Defendants.    )
```

INTRODUCTION

The following interrelated motions are currently pending:

- The "Motion to Quash Garnishment" filed by Third Party Defendant BCD Farms, Inc., filing 114;

- The "Request for Extension of Time to File Transcript and Brief" filed by BCD Farms, Inc., filing 119; and

- The "Motion for Rule 11 Sanctions" filed by Defendant and Third Party Plaintiff, Jeffrey Younkin, filing 121.

Each of these motions relates to the collection of a judgment entered by the undersigned on October 12, 2004. Younkin has filed objections to BCD Farms' motion to quash and request for extension of time. BCD Farms did not respond to the motion for Rule 11 sanctions, and the deadline for filing a response has now passed.

For the reasons discussed herein, I conclude the motion for extension of time should be denied, the motion to quash should be dismissed for lack of subject matter jurisdiction, and the motion for Rule 11 sanctions should be denied.

PROCEDURAL HISTORY

In the underlying action, Sandhills sued Younkin to recover the value of a negotiable instrument ($92,120.99) tendered by Younkin on behalf of BCD Farms for services rendered to BCD Farms by Sandhills.  See filing 1.  Younkin filed a third party claim against BCD Farms to recover the "full amount, if any, Plaintiff recovers from Jeffrey Younkin. . . ."  Filing 6.

The judgment entered provided:

> [J]udgment is entered in favor of the plaintiff, Sandhills Cattle Feeding, Inc. and against the defendant, Jeffrey Younkin in the amount of $92,120.99, plus post-judgment interest at the rate of 2.2%, plus taxable costs of this action to be taxed by the clerk of the court in accordance with Fed. R. Civ. P. 54(d).
>
>     Judgment is further entered in favor of third party plaintiff, Jeffrey Younkin and against BCD Farms, Inc.  BCD Farms, Inc. is required to indemnify Younkin for any amounts Younkin pays on the judgment entered against him and in favor of Sandhills, plus interest accruing at the rate of 2.2% beginning at the time such payment is made by Younkin, plus taxable costs of this action to be taxed by the clerk of the court in accordance with Fed. R. Civ. P. 54(d).

Filing 94.  This judgment was affirmed by the United States Court of Appeals for the Eighth Circuit on March 15, 2006, (filings

109, 111), and the Eighth Circuit's mandate and judgment was filed on May 1, 2006.  Filing 112.

## FACTUAL RECORD

While the judgment in this case was pending on appeal before the Eighth Circuit, Sandhills, and its owners, Larry E. and Karen M. Carlson, filed Chapter 12 bankruptcy proceedings in the United States Bankruptcy Court, District of Nebraska.  Richard K. Lydick is the bankruptcy trustee.  Filing 117, ex. A, p. 6.

Following the Eighth Circuit's affirmance of the judgment entered herein, Sandhills and Younkin entered into an agreement concerning how to collect the judgment.  BCD was not a party to that agreement or involved in the discussions.  Filing 117, ex. A, p. 34,; filing 117, ex. B., p. 36 (Younkin's brief) (acknowledging "several discussions" with Sandhills' counsel about how the collection process should work prior to initiating the Montana proceedings); ex. B, pp. 60-63 (letters between counsel for Sandhills and Younkin regarding their negotiated plan for cooperating in collecting Sandhills' monetary judgment from BCD Farms).

Sandhills initiated collection proceedings on March 24, 2006 by filing its judgment against Younkin in the Montana Seventeenth Judicial District Court, Valley County.  Sandhills also obtained a writ of execution commanding the sheriff to collect Younkin property in payment of this judgment.  See filing 114, ex. C-4; filing 117, ex. A, pp. 52-72.  Younkin likewise filed his judgment against BCD Farms in the Montana Seventeenth Judicial District Court, Valley County on March 30, 2006 to collect from BCD Farms the amount Younkin owed to Sandhills pursuant to this

court's October 12, 2004 judgment, (filing 114, ex. B), and he initiated garnishment and writ of execution proceedings in the Montana state court on April 21, 2006. A writ to execute on BCD Farms' property was issued by the Montana court on April 24, 2006. Filing 114, ex. C; filing 117, ex. A, pp. 35-36.

Pursuant to Younkin's writ of execution against BCD Farms, the Dawson County Sheriff's Office at Glendive, Montana seized $95,233.99 (the judgment amount plus interest) from BCD Farms on April 25, 2006. Filing 117, ex. A, p. 16. The sheriff transferred the seized funds to the trust account of Younkin's attorney, who then transferred the funds to the Valley County, Montana Sheriff's Department. Filing 117, ex. A, p. 16, ex. B., p. 64.

BCD Farms filed a Motion to Quash Writ of Execution and to claim Exemptions in the Montana Seventeenth Judicial District Court, Valley County on April 28, 2006, (filing 117, ex. A, pp. 15, 17, ex. B, pp. 90-91), and on May 1, 2006, Sandhills filed a motion for release of the seized funds. Filing 117, ex. A, pp. 15, 17, 47-50. A consolidated hearing on these motions was conducted before the Honorable John C. McKeon, District Court Judge for the Montana Seventeenth Judicial District Court, Valley County on May 12, 2006. Filing 117, ex. A, pp. 15-19, 43-46. All parties were given notice of the hearing, were represented at this hearing through their counsel, and counsel presented arguments to the court. See filing 117, ex. B, pp. 12-14, 21-25. During the hearing, BCD Farms withdrew its claim for exemptions, but it continued to assert that Sandhills' motion for release must be denied and Younkin's writ of execution quashed on procedural and substantive grounds. Filing 117, ex. A, pp. 15-19. See also filing 117, ex. B, pp. 15-18 (BCD Farms' brief

in support of motion to strike Sandhills' filings), pp. 74-89 (BCD Farms' brief in support of motion to quash Younkin's writ of execution against BCD Farms).

BCD Farms claimed Younkin failed to comply with the notice requirements of Montana statutory law, (filing 117, ex. A, p. 17), but the court rejected this argument because BCD Farms had been afforded due process and an opportunity to be heard and had therefore failed to prove any prejudice arising from Younkin's failure to strictly comply with Montana's notice requirements. Filing 117, ex. A, pp. 17-18. Contrary to BCD Farms' argument, the Montana court further held that Younkin's writ of execution to recover money on behalf of Sandhills need not go through the bankruptcy court. Filing 117, ex. A, p. 18.

BCD Farms also argued that Younkin could not execute against BCD Farms on his indemnity judgment until after he paid Sandhills. The same issue has been raised in BCD Farms' motion to quash now pending before me, (filing 114, ¶¶ 1, 5), and in the pending Nebraska Sandhills bankruptcy proceedings. Filing 117, ex. C, pp. 2-3; ex. D, pp. 3-4. However, Judge McKeon has denied this claim, holding that BCD Farms' obligation to indemnify Younkin was based on a principal-agency relationship, and nothing in Montana law prevented Younkin from issuing his own writ of execution to collect on the indemnity judgment in order to obtain the funds required for payment of the judgment entered against him and in favor of Sandhills. Filing 117, ex. A, pp. 18-19.

As to BCD Farms' concern that release of the seized funds to Sandhills may subject BCD Farms to a second claim by the bankruptcy trustee, the Montana court noted that a filed release

5

by the Sandhills bankruptcy trustee would sufficiently address this issue.  Filing 117, ex. A, pp. 18-19.

Accordingly, on May 30, 2006 the District Court of the Montana Seventeenth Judicial District Court, Valley County entered an order conditionally granting Sandhills' motion for release of seized funds.  The order provided:

> 1.   Sandhills' Motion for Release of Seized Funds is GRANTED ON THE FOLLOWING CONDITIONS: The seized funds shall remain in an interest bearing account held by the Clerk.  By June 12, 2006, Sandhills shall file an affidavit herein showing written notice to the bankruptcy trustee of the seizure of funds herein, Said affidavit shall clearly identify the bankruptcy trustee by name and address as well as the court, title and cause number of the bankruptcy proceedings.  The notice to bankruptcy trustee shall include a true and correct copy of this order and specifically inform the bankruptcy trustee to present any claim he may have on the seized funds within 30 days of the date of notice. Upon timely submission of claim, the court will authorize release of the funds and accrued interest thereon to the bankruptcy trustee.  Should the bankruptcy trustee fail to timely submit a claim, the court will authorize release of the seized funds and accrued interest thereon to Sandhills.
>
> 2.   BCD's Motion to Quash Writ of Execution in Cause No. DV-06-24 is DENIED.
>
> 3.   The Clerk shall forthwith send a copy of this Order to counsel of record.

Filing 117, ex. A, pp. 18-19, 20-23..  Judge McKeon also entered a separate order denying BCD Farms' motion to quash Younkin's writ of execution, with a copy of the memorandum and order conditionally granting Sandhills' motion attached and incorporated by reference.  Filing 117, ex. B, pp. 5-11.

Pursuant to the May 30, 2006 order, counsel for Sandhills served Lydick, the Sandhills bankruptcy trustee, with copies of the Montana court's May 30, 2006 orders, along with the notice required under those orders.  Filing 117, ex. A, pp. 8-14.  On June 7, 2006, Lydick filed an affidavit in the Montana court which stated that the proceeds of the judgment secured by Sandhills in this Nebraska federal court action should go directly to Sandhills, and therefore the $95,162.39 being held by the clerk of the Montana court should be released to Sandhills.  Filing 117, ex. A, p. 6.  Judge McKeon therefore ordered the Clerk of the Court to release the seized money and accrued interest to Sandhills in care of the trust account held by the law firm of Sandhills' counsel.  Counsel for all parties were provided a copy of this order.  Filing 117, ex. A, p. 5.

On June 23, 2006, counsel for Sandhills filed a satisfaction of its judgment against Younkin, and counsel for Younkin filed a satisfaction of its judgment against BCD Farms in the District Court of the Montana Seventeenth Judicial District Court, Valley County.  Filing 117, ex. A, p. 3; ex. B, p. 3.

## LEGAL ANALYSIS

BCD Farms' pending motion requests an order quashing the Montana garnishment executed by Younkin against BCD Farms in Montana, and for return to BCD Farms of all sums recovered because "any collection by JEFFREY YOUNKIN was contingent upon payments by YOUNKIN to SANDHILLS CATTLE FEEDING, INC. but no evidence or report to the Chapter 12 Trustee or to this Court has been provided for such payment;"[1] Sandhills was required by the

---

[1] The same claim was raised and remains pending in the bankruptcy proceedings.  Filing 117, ex. C, pp. 1-2; ex. D, pp. 1-3.

7

bankruptcy court "to immediately disclose to the Chapter 12 Trustee and the Court, any payment or payments" made to Sandhills in payment of its judgment against Younkin; "[a]t trial of this matter in the . . . Bankruptcy proceeding the Debtors admitted that no payment had been made by JEFFREY YOUNKIN on the judgment entered herein," and that "no payment had been made by JEFFREY YOUNKIN prior to garnishment of the BCD FARMS, INC., account." Filing 114, ¶¶ 5, 6, 8, & 9.

BCD Farms did not submit a brief in support of its motion to quash. See NECivR 7.1. After Younkin filed its opposing brief and evidence, BCD Farms filed a motion for extension of time to obtain and file the transcript of the Montana proceedings and a brief in support of its motion to quash the writ of execution issued by the Montana court. BCD Farms argues that Younkin has raised the defense of collateral estoppel, but the defense of collateral estoppel should not apply because BCD Farms was unable to assert its right of setoff in the Montana proceeding. It claims that "[i]n order to determine the issues raised in the MOTION TO QUASH (Fil. No. 114) and the defense of collateral estoppel it is necessary to obtain [the] record and transcript of the proceedings . . . on this matter held in the Montana State Court." Filing 119, ¶ 7.

The following facts are established by the record:

- This court never issued a writ of execution for collection of Younkin's judgment against BCD Farms;

- The pending motion to quash, filing 114, relates to a writ of execution issued by a Montana state court;

- The validity of that writ of execution was already litigated in the Montana state court proceeding;

- BCD Farms was a party to the Montana proceedings and was afforded an opportunity to fully and fairly litigate its motion to quash the writ of execution and to deny Sandhills' motion for release of the funds;

- The Montana district court issued a final decision on BCD Farms' motion to quash, and this decision was not appealed;

- Contrary to BCD Farms' claim in this case, the Montana state court specifically held that Younkin was entitled to pursue a writ of execution against BCD Farms for the full amount of Sandhills' judgment against Younkin even before Younkin paid that judgment;

- BCD Farms never raised the issue of setoff in the Montana court proceeding, (see filing 117, ex. B, pp. 12-14 (minutes of May 12, 2006 Montana court hearing); pp. 15-18 (BCD Farms' brief in support of motion to strike Sandhills' filings); and pp. 74-89 (BCD Farms' brief in support of motion to quash Younkin's writ of execution against BCD Farms)), and although the parallel Nebraska state court proceeding was pending when this case was tried, the issue of setoff was not litigated in this forum.

It is difficult to envision, and BCD Farms has offered no evidence or argument explaining, how the actual transcript of the Montana proceeding could serve to refute any of the foregoing facts of record. Moreover, BCD Farms' motion to quash has now been on file for nearly two months. I shall therefore deny its motion for an extension of time to file the transcript of the Montana proceeding and for leave to submit a brief in support of its motion to quash.

Younkin argues that BCD Farms' motion to quash is barred by collateral estoppel and res judicata, and that this court lacks subject matter jurisdiction. BCD Farms' motion to quash seeks federal district court review and attempts to collaterally attack the final ruling of the Montana state court. The concepts of claim or issue preclusion and federal subject matter jurisdiction overlap or merge in such circumstances and form the basis for dismissal for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine. "Rooker-Feldman is broader than claim and issue preclusion because it does not depend on a final judgment on the merits. Aside from this distinction the doctrines are extremely similar." Charchenko v. City of Stillwater, 47 F.3d 981, 983 n. 1 (8th Cir. 1995). See also 18B Wright, Miller & Marcus, Federal Practice and Procedure § 4469.1 (2d 1994).

The Rooker-Feldman doctrine is a combination of the abstention and res judicata doctrines and stands for the proposition that a federal district court may not hear an appeal of a case already litigated in state court. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923). "The doctrine bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by the state-court judgment and seeking review and rejection of that judgment.'" Mosby v. Ligon, 418 F.3d 927, 931 (8th Cir. 2005)(quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S.Ct. 1517, 1526 (2005)).

BCD Farms has already unsuccessfully moved to quash that writ of execution. It had the opportunity to raise any challenges to the writ in the Montana court, and a final judgment

10

was entered by the state court. Although BCD Farms now raises the issue of setoff as a basis for quashing the writ of execution, an issue not raised before the Montana court, the "Rooker-Feldman doctrine, like the doctrine of preclusion, applies to claims which were not brought before the state court but could have been raised in the state court action." In re Goetzman, 91 F.3d 1173, 1178 n. 6 (8th Cir. 1996). "If the state trial court erred in the extent it addressed the issue [BCD Farms is] now pressing, relief was available in the appellate courts of [Montana]. None being forthcoming, [BCD Farms] cannot now bring an action in federal court which would effectively reverse the state court decision or void its ruling." In re Goetzman, 91 F.3d at 1178.

Accordingly, this court lacks subject matter jurisdiction to rule on BCD Farms' motion to quash the writ of execution issued by the Montana state court. In re Marlar, 267 F.3d 749, 756 (8th Cir. 2001)(holding the Rooker-Feldman doctrine and res judicata barred a bankruptcy debtor's ex-wife from satisfying her divorce decree against certain real property in the bankruptcy estate where an Arkansas court had already ruled that enforcement against that property was not permitted under state law); Postma v. First Federal Sav. & Loan of Sioux City, 74 F.3d 160, 162 (8th Cir 1996)(holding that under Rooker-Feldman, a federal district court lacks subject matter jurisdiction over an action collaterally attacking a state foreclosure judgment); Busch v. Torres, 905 F.Supp. 766, 771 (C.D. Cal. 1995)(holding that federal court lacked subject matter jurisdiction under Rooker-Feldman doctrine where the plaintiff's complaint challenged the sheriff's execution of a writ of possession to enforce a state court judgment). The fact that this court heard and resolved the prior case does not alter this conclusion; the execution

11

proceeding was a separate proceeding properly conducted in the state courts of Montana.  I shall therefore dismiss BCD Farms' motion to quash the writ of execution for lack of subject matter jurisdiction.

Younkin has filed a motion to sanction BCD Farms and its counsel for filing the motion to quash, citing Rule 11 of the Federal Rules of Civil Procedure.  Filing 121.  Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed.  Where a party or counsel attempts to use federal court processes to collaterally attack state court rulings, sanctions may be warranted.  Willhite v. Collins, 459 F.3d 866, 869 (8th Cir. 2006)(affirming sanctions where jurisdiction over plaintiff's complaints was lacking under Rooker-Feldman).  Even when the federal court lacks subject matter jurisdiction over the merits of a claim, it may impose Rule 11 sanctions on counsel and parties who have improperly attempted to invoke federal jurisdiction.  Willy v. Coastal Corp., 503 U.S. 131, 135 (1992).

Rule 11 of the Federal Rules of Civil Procedure requires all parties who file a complaint in federal court to ensure "that to the best of the person's knowledge . . . formed after an inquiry reasonable under the circumstances, . . . the claims . . . are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law," and that the "allegations and other factual contentions have evidentiary support."  Fed. R. Civ. Proc. 11.  Rule 11 sanctions may be imposed against not only an attorney, but a litigant who has signed an abusive pleading or motion.  The primary purpose of

Rule 11 sanctions is to deter attorney and litigant misconduct. <u>Kirk Capital Corp. v. Bailey</u>, 16 F.3d 1485, 1490 (8th Cir. 1994).

However, under Rule 11(c)(1)(A), before filing the motion with the court, a party seeking Rule 11 sanctions must first serve a copy of the motion on the party who allegedly filed a frivolous pleading. A motion for Rule 11 sanctions "shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Younkin has not alleged or shown that he served a copy of the Rule 11 motion on BCD Farms before filing it in this court. Therefore, BCD Farms' motion for Rule 11 sanctions is procedurally defective and must be denied.

IT THEREFORE HEREBY IS ORDERED:

1. The objection filed by Younkin, filing 120, is granted, and BCD Farms' "Request for Extension of Time to File Transcript and Brief" filed by BCD Farms, Inc., filing 119, is denied.

2. The "Motion to Quash Garnishment" filed by Third Party Defendant BCD Farms, Inc., filing 114, is dismissed for lack of subject matter jurisdiction.

3. The "Motion for Rule 11 Sanctions" filed by Defendant and Third Party Plaintiff, Jeffrey Younkin, filing 121, is denied.

Dated this 19th Day of October, 2006.

BY THE COURT

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge

13